**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Nieves Martin,

Defendant.

No. CR-24-02538-001-TUC-AMM (LCK)

**ORDER**

Following a five-day jury trial, Defendant Nieves Martin filed a Motion for New Trial (Doc. 125) and renewed his Motion for Judgment of Acquittal (Doc. 126). The motions are fully briefed. (Docs. 125–26, 128, 130.) Defendant seeks relief arguing that the evidence was insufficient. He further asserts that the Government's closing remarks improperly shifted the burden of proof and mischaracterized testimony. Because the evidence supports the convictions, and because the Court's instruction and the Government's clarifications cured any prejudice, the Court will deny both motions.

**I. Background**

On August 5, 2026, a federal grand jury indicted Defendant on four counts of aggravated sexual abuse (Counts 1, 3, 5, and 7), four counts of sexual abuse (Counts 2, 4, 6, and 8), and two counts of assault (Counts 9 and 10). (Doc. 77.) The matter proceeded to trial on September 28, 2026. (Doc. 99.)

After the Government rested its case, Defendant moved for judgment of acquittal under Federal Rule of Criminal Procedure 29. (Doc. 102.) The Court denied the motion,

finding sufficient evidence to sustain a conviction on each count. (*Id.*)

Thereafter, the Government stated in its closing argument that the jury had not heard "a shred of evidence" that the victim consented to the alleged sexual acts. (Doc. 121 at 18–19.) The Court called a side bar and expressed its concern that this statement may have improperly shifted the burden of proof to Defendant. (*Id.*) Defendant, echoing this concern, moved for a mistrial based on improper burden shifting and several of the Government's other statements in closing. (*Id.*) The Court denied the motion and instructed the jury that Defendant had no obligation to present evidence or prove his innocence. (*Id.* at 18–19, 26.) Upon returning to complete its closing, the Government also reiterated that it bears the burden of proving Defendant guilty beyond a reasonable doubt. (*Id.* at 25.)

Defendant later renewed his motion for mistrial at a side bar during the Government's rebuttal closing. (*Id.* at 48–52.) In renewing his motion, Defendant argued that the Government (1) shifted the burden of proof by asserting that no witness testified to objective observations of consent and (2) mischaracterized the testimony from the Sexual Assault Nurse Examiner ("SANE") nurse. (*Id.*) As to the latter basis for mistrial, Defendant argued that the Government erroneously implied that the nurse vouched for the victim's testimony that the sexual abuse indeed occurred. (*Id.*) The Court denied the renewed motion for mistrial, concluding that curative instructions would sufficiently remedy any error. (*Id.* at 52–53.) Defendant further asked that the Government clarify that the nurse merely reported the victim's statements rather than independently determined that the alleged abuse occurred. (*Id.* at 53.)

Resuming its rebuttal, the Government explained that the SANE nurse did not find that force was used, that consent was absent, or that the alleged sexual acts had occurred. (*Id.* at 54.) Rather, the nurse "simply took [the] information that she received from [the victim]" and "made her own observations." (*Id.*) The Government also expressly acknowledged that "it is the government that bears the burden to prove there was no consent in this case." (*Id.* at 55.)

During deliberations, the jury asked whether there was a "consent law." (Doc. 111

at 2.) Defendant again moved for a mistrial. (Doc. 122 at 12.) He argued the jury's question demonstrated that the Government's statements tainted the jury's understanding of the burden of proof as to consent despite the curative instruction. (*Id.*) The Court ultimately denied the renewed motion because it concluded that its curative instructions along with the Government's own corrective statements during closing and rebuttal cured any alleged prejudice to Defendant's right to a fair trial. (Doc. 124 at 8.)

The jury found Defendant guilty on Counts 4, 9, and 10, acquitted him on Counts 5 and 6, and could not reach a verdict on Counts 1, 2, 3, 7, and 8. (Doc. 112.) Thereafter, Defendant filed his Renewed Motion for Judgment of Acquittal and Motion for New Trial.

## II. Renewed Motion for Judgment of Acquittal

Under Rule 29, the Court must enter a judgment of acquittal only if the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). The question, therefore, is "whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "This standard is highly deferential because our criminal justice system gives primacy to the role of the jury in determining guilt beyond a reasonable doubt after being correctly instructed on the governing law." *United States v. Lukashov*, 694 F.3d 1107, 1118 (9th Cir. 2012). Thus, "[t]he hurdle to overturn a jury's conviction based on a sufficiency of the evidence challenge is high." *United States v. Rocha*, 598 F.3d 1144, 1153 (9th Cir. 2010).

Defendant fails to overcome that hurdle. The evidence at trial is sufficient to support the jury's guilty verdicts. As to the sexual abuse conviction on Count 4, the victim testified that Defendant forcibly engaged in sexual acts without her consent. The victim's testimony that she did not consent provided sufficient evidence of lack of consent. The jury weighed and considered that testimony, and its verdict reflects its assessment. Moreover, an expert further identified DNA matching Defendant in the victim's genital region, and the SANE nurse testified to the victim's injuries in that region.

As to the assault convictions on Counts 9 and 10, the victim and another witness testified that Defendant punched the victim in the face twice, and other evidence documented her facial bruising.

Viewed in the light most favorable to the prosecution, the evidence permitted a rational jury to find the essential elements of each offense of conviction beyond a reasonable doubt. The Court will therefore deny Defendant's Renewed Motion for Judgment of Acquittal.

**III. Motion for New Trial**

Under Federal Rule of Criminal Procedure 33, the Court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A prosecutor's closing remarks warrant a new trial only if they "are so gross as probably to prejudice the defendant, and the prejudice has not been neutralized by the trial judge." *United States v. Velazquez*, 1 F.4th 1132, 1136 (9th Cir. 2021) (quoting *United States v. Birges*, 723 F.2d 666, 672 (9th Cir. 1984)). Although curative instructions cannot neutralize every form of prejudice, *Bruton v. United States*, 391 U.S. 123, 129 (1968), "[t]here is a strong presumption that juries follow curative instructions[,]" *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010).

Here, the Court's curative instruction and the Government's corrective statements neutralized any alleged prejudice resulting from the Government's challenged remarks. After the Government stated in closing that the jury had not heard a "shred of evidence" of consent, the Court instructed the jury that Defendant had no obligation to present evidence or prove his innocence. (Doc. 121 at 26.) Furthermore, the Government expressly clarified that it bore the burden of proof, including proving a lack of consent. (*Id.* at 55.) These statements left no ambiguity about which party bore the burden of proof. The Government also corrected its characterization of the SANE nurse's testimony. (*Id.* at 54.) That clarification distinguished the victim's account from the nurse's findings and addressed the alleged vouching.

///

Neither the jury's question about a "consent law" nor its mixed verdict establishes that it disregarded the Court's curative instruction. Defendant therefore has not overcome the presumption that the jury followed that instruction or shown that any prejudice remained uncorrected. Accordingly, the Court will deny Defendant's Motion for New Trial.

## IV. Conclusion

For the forgoing reasons,

**IT IS ORDERED** that Defendant's Motion for New Trial is **DENIED**. (Doc. 125.)

**IT IS FURTHER ORDERED** that Defendant's Renewed Motion for Judgment of Acquittal is **DENIED**. (Doc. 126.)

Dated this 17th day of November, 2026.

Honorable Angela M. Martinez
United States District Judge